**Marjorie BLANCHARD, widow of George Blanchard, Deceased employee, Respondent,**

v.

**KOCH REFINING COMPANY, et al., Relators.**

No. 48439.

Supreme Court of Minnesota.

May 4, 1979.

Ronald O. W. Ylitalo, St. Paul, for relators.

Abrams & Spector and Richard B. Abrams, Minneapolis, for respondent.

KELLY, Justice.

The employer and insurer seek review of a decision of a divided Workers' Compensation Court of Appeals awarding dependency benefits to respondent, the widow of the deceased employee. Our review of the record compels the conclusion that the court of appeals erred in holding that respondent sustained her burden of proving that employee's death arose out of and in the course of his employment.

Employee's work occasionally required him to check the amount of water in crude oil which is refined in large dryers at the employer's refinery. The task required an employee performing it to open and shut a

valve on the dryer. On January 27, 1976, employee began work at 4 p. m., and at the end of a brief staff meeting his supervisor told him to check the oil in a dryer a short distance from their office. Employee left the office for about 10 minutes and then returned and began to work at his desk, but soon complained of a pain in his chest, saying he might have had too much cold air. He rested, began to work again, and was found lying on the floor of the office about an hour later. He died shortly afterward. Two of the three medical witnesses expressed the opinion he had suffered a heart attack which had caused the immediate causes of death, ventricular fibrillation and cardiac arrest.

Respondent sought compensation, contending that employee's heart difficulties and death were caused by exertion he had expended in opening and shutting the valve on the dryer he had been directed to check. There was no direct evidence that employee had done this task. Since he was a reliable employee, had been told to do so, and had complained an hour before his death of chest pain he thought might have resulted from the cold air, it might reasonably be inferred that he had in fact carried out the directive and opened and shut the valve, and the majority of the court of appeals did make this inference. It also accepted the opinion of a medical witness that, if employee had leaned on a valve wrench with half of his body weight to open the valve, his effort was causally related to his heart attack and resultant death.

We are forced to conclude that this opinion cannot be relied on to support the finding of causal relation between employee's work and his death, because the assumption on which the opinion was premised—that employee was required to exert enough effort to place pressure equivalent to half his body weight on the wrench—was not a reasonable inference from the evidence. One employee estimated that this much effort would be required to open the valve, but added that his opinion was "strictly a guess" and said further that he did not believe "there's any such thing as normal circumstances on any valve." Other em-

ployees agreed that the amount of exertion required to open valves on the dryers in the employer's plant is variable and unpredictable. From this evidence it is impossible to conclude, even if it is assumed that employee opened and closed the valve on the dryer he had been directed to check, how much exertion he put forth. Consequently the finding of causal relationship between his work and his death cannot stand.

Reversed.